

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

GORDON R. JENKINS, #153817,

        Petitioner,

v.                    CIVIL ACTION NO. 2:09cv32

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons set forth herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On July 5, 2006, Petitioner, Gordon R. Jenkins ("Jenkins"), pleaded guilty in the Circuit Court of Chesterfield County, Virginia, to one (1) count of abduction with intent to defile, one (1) count of aggravated sexual battery, and one (1) count of attempted robbery. Jenkins was sentenced to a total of seventy-five (75) years imprisonment with forty-one (41) years suspended,

as reflected in the Circuit Court's Trial and Sentencing Order of July 18, 2006.  Jenkins did not appeal.

On July 9, 2007, Jenkins filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims for relief:

> (a) His trial counsel was ineffective because he failed to consult with Petitioner about an appeal, to file a notice of appeal, and to petition for appeal after Jenkins asked him to do so;
>
> (b) His trial counsel was ineffective because his attorney failed to: (1) interview neighbors; (2) throughly investigate Jenkins' case and the DNA evidence on the fingerprints and hair samples; (3) file a motion for discovery; and (4) provide Jenkins with notice of the Commonwealth's intent to seek an enhanced punishment on the statutory burglary charge prior to sentencing; and
>
> (c) His guilty plea was not intelligently made because his trial counsel promised Jenkins that he would receive a 12 to 15 year sentence.

On January 17th, 2008, the Supreme Court of Virginia entered an order directing the Circuit Court of Chesterfield to conduct an evidentiary hearing, pursuant to Virginia Code § 8.01-657, in order to make findings of fact and conclusions of law with regard to the merits of Jenkins' claim (a). On July 11, 2008, the circuit court found that Jenkins had failed to satisfy his burden of proof establishing that he had requested trial counsel to note an appeal on his behalf.

Upon consideration of the findings of fact and conclusions of law submitted by the circuit court, on December 2, 2008, the Supreme Court of Virginia entered an order denying Jenkins'

2

petition for writ of habeas corpus and granting the Respondent's motion to dismiss.[1]

On January 15, 2009,[2] while in the custody of the Greensville Correctional Center, Jenkins executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This Court conditionally filed the petition on January 23, 2009. On March 3, 2009, Jenkins submitted the $5.00 filing fee and the Court ordered the petition be filed. On April 1, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k). On April 10, 2009, Respondent filed a Motion for Leave to File a supplement to his Rule 5 Answer and Motion to Dismiss and supporting memorandum. This supplemental pleading contained an affidavit verifying the date Petitioner

---

[1] The Supreme Court of Virginia found petitioner's claim (a) and claim (b) did not satisfy either the "performance" or the "prejudice" prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Additionally, the Supreme Court of Virginia held that Petitioner's claim (c) was procedurally defaulted because the issue could have been raised at trial and on direct appeal and, thus, it was not cognizable in a petition for a writ of habeas corpus. <u>Slayton v. Parrigan</u>, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975).

[2] Jenkins executed his petition on December 29, 2008. However, he did not include sufficient postage when he placed the petition in the prison mail. Pet. Resp. and Reply to Resp't's Supplemental Pleading). <u>See also</u> Rules Governing § 2254 Cases, Rule 3(d). The Affidavit of the Mailroom Supervisor of the Greensville Correctional Center verifies that Jenkins did not place his petition in the prison mail with sufficient postage until January 15, 2009. Resp't's Mot. for Leave to File, Ex. G Attach. A.

placed his federal habeas petition in the prison mail.[3] Resp't Mot. for Leave to File, Ex. G Attach. A. This Court hereby GRANTS Respondent's Motion for Leave to File pursuant to Rule 11, Rules Governing Section 2254 Cases, and Rule 15(d), Federal Rules of Civil Procedure.

### B.  <u>Grounds Alleged</u>

Jenkins now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the same three reasons raised in his state petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on July 9, 2007. Resp't's Br. Ex. B.

### II.  <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

### A.  <u>Statute of Limitations</u>

Jenkins' petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254,

---

[3] Petitioner objected by filing a Response and Reply to Respondent's Supplemental Pleading to his Brief in Support of Rule 5 Answer and Motion to Dismiss. Jenkins objects to the Mailroom Supervisor's affidavit and states that he placed his petition in the prison mail on December 29, 2008. (Pet'r's Resp. and Reply to Resp't's Supplemental Pleading). However, Petitioner admits his petition was returned for insufficient postage. <u>Id.</u> "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that <u>first-class postage has been prepaid</u>." Rules Governing § 2254 Cases, Rule 3(d)(emphasis added). Jenkins makes no allegations that his petition with insufficient postage was not returned to him in a timely manner. Additionally, Jenkins offers no evidence that he placed a petition with sufficient postage in the mail before January 9, 2009, the last day Petitioner had to file his federal habeas petition pursuant to 28 U.S.C. § 2254(d)(1)(A). Resp. Mot. For leave to file ex. G attachment A.

effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court.  The limitation period shall
> run from . . . the date on which the judgment
> became final by the conclusion of direct
> review or the expiration of the time for
> seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).  Ordinarily, Jenkins would have had one

year from the date on which his conviction became final to file a

petition for federal habeas corpus relief.  <u>Allen v. Siebert</u>, 552

U.S. 3 (2007).  His conviction became final on July 18, 2006; he

had thirty (30) days - to August 17, 2006 - to note his appeal to

the Court of Appeals of Virginia.  Jenkins did not appeal and thus

his conviction became final on August 17, 2006. Therefore, without

considering any tolling provisions, Jenkins had until August 17,

2007, to file his federal petition for a writ of habeas corpus.

Jenkins did not execute the instant federal petition until January

15, 2009, which was approximately one (1) year and five (5) months

outside the applicable limitation period.

### 1. Tolling Considerations

A person in state custody, however, may toll the running of

the limitation period during the time in which a properly filed

application for state post-conviction or other collateral

proceedings remains pending.  28 U.S.C. § 2244(d)(2).  Such an

application remains pending throughout the state review process,

including the time period between a lower state court's decision

pppinggation">Case 2:09-cv-00032-RBS-FBS  Document 17  Filed 06/03/09  Page 6 of 23 PageID# 248

and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (stating that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (holding that the application was not properly filed and the limitation period was not tolled where the fee was not included with the filing).[4]

---

[4]See also Osborn v. Dotson, 2002 WL 32443533 at *2 (E.D. Va. May 29, 2002) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding that petition for appeal was not properly filed because it did not contain a list of errors as

6

<u>See also</u>   <u>Pace v. DiGugliemo,</u> 544 U.S. 408, 417 (2005) ("We hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)").   On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9.

In this case, the record reflects that Jenkins' petition for state habeas relief to Supreme Court of Virginia was "properly filed", within the meaning of § 2244(d)(2), on July 9, 2007.  Thus, the statue of limitations was tolled from July 9, 2007 until December 2, 2008, when the Supreme Court of Virginia denied Jenkins' petition for writ of habeas corpus. The amount of time that elapsed from August 17, 2006 until July 9, 2007 was 327 days, leaving the petitioner thirty-eight (38) days remaining to file his federal habeas petition. Petitioner therefore had until January 9, 2009 to file his federal habeas petition. Jenkins did not execute the instant petition until January 15, 2009,[5] which was six (6) days beyond the applicable limitations period.

## 2. Equitable Tolling

---

required by Va. Sup. Ct. R. 5:17(c)).

[5] <u>See supra</u> note 2

The Court construes Jenkins to argue that his failure to timely file his federal petition for a writ of habeas corpus should be excused because the statute of limitations should be equitably tolled. Equitable tolling of the limitation period, however, is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002). Courts have consistently rejected arguments that a petitioner should be excused for his unfamiliarity with the legal system and his pro se status because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986).[6] See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("[Y]outh and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default."), cert. denied, 537 U.S. 1214 (2003); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that pro

---

[6] Jenkins argued he was "ignorant to the rules of [the] court regarding statutory limitations." (Pet'r's Resp. and Reply to Resp't's Supplemental Pleading.)

se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). Further, delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling. Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to excuse defendant's delay in order to seek legal assistance because "[defendant] has no right to legal representation in habeas proceedings"); Payne v. Rushton, C. A. No. 2:04-23351-TLW-RSC, 2006 U.S. Dist. LEXIS 32735, at *11 (D.S.C. Feb. 13, 2006) (denying defendant's request for equitable tolling for late filing because law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'").

Other than Petitioner's claim that he attempted to mail his petition with insufficient postage on December 29, 2008, Jenkins raises no circumstances whatsoever that rise to the level necessary to equitably toll the statute of limitations. The record reflects no circumstances, much less any extraordinary circumstances, that were beyond Jenkins' control or external to his control to excuse his late filing of his habeas petition.[7]

---

[7] Jenkins gives no explanation why, after realizing his petition did not have sufficient postage, he did not attempt to re-send it before the January 9, 2009 deadline. He instead waited

Accordingly, the Court FINDS that Jenkins is not entitled to equitable tolling of the statute of limitations; thus his claims should be DENIED and DISMISSED as being untimely.

## B.   Exhaustion and Procedural Default

The Court FINDS that all of Jenkins' claims are exhausted, but that claim (c) is procedurally defaulted; the Court will review claims (a) and (b) on the merits.

Notwithstanding the timeliness of Jenkins' claims, in order for this Court to address the merits of his claims, all of Jenkins' claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997)

---

until January 15, 2009, six days after the limitations period, to place his petition with proper postage in the prison mail.

10

(internal quotations omitted).   "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that all of Jenkins' claims are exhausted because they were presented to the Supreme Court of Virginia in Jenkins' state habeas petition or because Jenkins' would be precluded from raising them upon a return to the state courts.  See Resp't's Br. in Supp. of Mot. to Dismiss and Rule 5 Answer 8.  However, Respondent asserts that claim (c) was barred from state court review pursuant to Slayton v. Parrigan, 215 Va. 27 (1974). (Resp't's Br. 7 (citing Slayton, 215 Va. 27 (holding that claims that could have been raised at trial or on direct appeal, but were not, and do not concern jurisdictional issues or ineffective assistance of counsel, cannot be addressed in habeas corpus.)))  This Court concurs.

The Supreme Court of Virginia denied claim (c) pursuant to Slayton, Record No. 071531. Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court.  Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th

Cir. 1998).  Thus, claim (c) is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Based on the foregoing, the Court FINDS that all of Jenkins' claims are exhausted, but the Court further FINDS that claim (c) is procedurally defaulted under Virginia law and is therefore barred from this Court's review.  Therefore, the Court recommends that claim (c) be DENIED and DISMISSED.

### 1. Limited Exceptions to Procedural Default

Although Jenkins' claim (c) is procedurally defaulted, he may still obtain review of his claim if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted.  Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the

> novelty of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court construes Jenkins to argue that he should be excused for his unfamiliarity with the legal system and his pro se status. Pet'r's Resp. and Reply to Resp't's Supplemental Pleading. However, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("[Y]outh and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (holding that ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that a pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Therefore, Jenkins has failed to prove cause and prejudice or

miscarriage of justice[8] and, accordingly, claim (c) of Jenkins' petition remains procedurally defaulted.

## C. Merits

The Court now considers claims (a) and (b) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is

---

[8] Jenkins made no argument which the Court can construe as an attempt to satisfy the miscarriage of justice exception. It is the petitioner's burden to establish the exception by providing evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)). Therefore, Jenkins has not established that he is entitled to the miscarriage of justice exception.

limited by the deferential standard of review set forth in §
2254(d), as interpreted by the Supreme Court in <u>Williams</u>[].").
Consequently, "state-court judgments must be upheld unless, after
the closest examination of the state-court judgment, a federal
court is firmly convinced that a federal constitutional right has
been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal
habeas court may not issue the writ simply because that court
concludes in its independent judgment that the relevant state-court
decision applied clearly established federal law erroneously or
incorrectly. Rather, that application must also be [objectively]
unreasonable." <u>Id.</u> at 411. In deference to the state court's
decision, this Court may not grant relief unless it determines that
the decision on the merits was "legally or factually unreasonable."
<u>See</u> <u>Bell</u>, 236 F.3d at 163 (quoting <u>Aycox v. Lytle</u>, 196 F.3d 1174,
1178 (10th Cir. 1999)).

## 1. Ineffective Assistance of Counsel

All of Jenkins' properly exhausted claims assert ineffective
assistance of counsel. The controlling standard for ineffective
assistance of counsel claims is set forth in <u>Strickland v.
Washington</u>, 466 U.S. 668 (1984). As such, to grant Jenkins relief
on his ineffective assistance of counsel claims, this Court must
find that the state court's dismissal of such claims involved an
unreasonable application of <u>Strickland</u>. Under <u>Strickland</u>, the
state court was required to subject Jenkins' claim to a two-prong

15

test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Jenkins' lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess

16

counsel's overall performance throughout the case, <u>Kimmelman</u>, 477 U.S. at 386, and avoid "Monday morning quarterbacking." <u>Stamper v. Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991); <u>see also</u> <u>Strickland</u>, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. <u>Strickland</u>, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[9] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. <u>Id.</u> When evaluating an ineffective assistance of counsel claim, a court

---

[9] The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." <u>Strickland</u>, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

should first apply whichever prong more quickly disposes of the respective claim. See id.

### a. Claims (a) and (b)

In claim (a), Jenkins asserts that he was denied effective assistance of counsel because his trial counsel failed to consult with him about an appeal and failed to file an appeal after Jenkins asked him to do so. The Supreme Court of Virginia ordered the circuit court to conduct an evidentiary hearing on this matter. Resp't's Br. Ex. C. After reviewing the circuit court's findings of fact, the Supreme Court of Virginia found that claim (a) satisfied neither the "performance" nor the "prejudice" prong of the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Resp't's Br. Ex. F. The facts indicated that Jenkins never expressed a desire to pursue an appeal and Jenkins failed to establish that he had been denied his right to appeal through the ineffective assistance of trial counsel. Id.

In claim (b)(1), Jenkins alleges he was denied effective assistance of counsel because his trial counsel failed to interview neighbors who were potential witnesses. In claim (b)(2), Jenkins' alleges his trial counsel failed to thoroughly investigate his case, including DNA and fingerprint evidence. Additionally, in claim (b)(3), Jenkins' alleges his counsel failed to file a pretrial motion for discovery. Jenkins also alleges in claim (b)(4) that he was denied the effective assistance of trial counsel

18

because his counsel failed to inform him that the Commonwealth intended to seek an enhanced punishment until just before the sentencing hearing.

The Supreme Court of Virginia held that Jenkins failed to satisfy his burden under either the "performance" prong or the "prejudice" prong of the two-part test enunciated in <u>Strickland</u>. Resp't's Br. Ex. F. The Supreme Court of Virginia found that the record, including the plea agreement and waiver of rights form signed by Jenkins, indicated that he was satisfied with the performance of his trial counsel. <u>Id.</u> As to claims (b)(1)-(b)(3), the Supreme Court of Virginia observed that Jenkins failed to establish that his counsel's performance was deficient or that there is a reasonable probability that, but for his trial counsel's alleged errors, he would not have pled guilty, he would have proceeded to trial, and the outcome of the proceedings would have been different. <u>Id.</u> Additionally, the Supreme Court of Virginia found that Jenkins' claim (b)(4) was factually without merit. <u>Id.</u> The record indicated that the prosecution waived a penalty enhancement in exchange for the petitioner's guilty pleas. <u>Id.</u>

Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. <u>See</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two

19

statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims, and <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), which addresses the application of <u>Strickland</u> to guilty plea challenges. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Jenkins has failed to show that the Supreme Court of Virginia's dismissal of claims (a) and (b) on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claims (a) and (b) be DENIED.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court having found: (1) that Jenkins' claims are barred by the statute of limitations; (2) that claim (c) is procedurally defaulted pursuant to an independent and adequate state law; and (3) that claims (a) and (b) asserting ineffective assistance of counsel are without merit, recommends that Jenkins' petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Jenkins'

20

claims be DISMISSED.

Jenkins has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a

waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia

June 3, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Gordon R. Jenkins, #153817
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870
PRO SE

Benjamin Hyman Katz, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT


                                  Fernando Galindo,
                                  Clerk of Court


                    By: _____
                         Deputy Clerk

                         June    , 2009